# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

### LUBBOCK DIVISION

**EUGENE ALLEN**,
Plaintiff,

v.

**COVENANT HEALTH**,
**OBIOMA OGBONNA, M.D.**,
**JIMMIE R. APPEL JR., M.D.**,
**JOHN/JANE DOES 1–10**,
Defendants.

Civil Action No. **5:25-CV-284**

# PLAINTIFF'S ORIGINAL COMPLAINT

## TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff **EUGENE ALLEN**, appearing **pro se**, files this Original Complaint against Defendants **COVENANT HEALTH**, **OBIOMA OGBONNA, M.D.**, **JIMMIE R. APPEL JR., M.D.**, and **JOHN/JANE DOES 1–10**, and respectfully shows the Court as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction pursuant to **28 U.S.C. §§ 1331 and 1343**, as this action arises under the Constitution and laws of the United States, including but not limited to **42 U.S.C. §§ 1983 and 1981**.

2. This Court has supplemental jurisdiction over related state-law claims pursuant to **28 U.S.C. § 1367**.

3. Venue is proper in this District under **28 U.S.C. § 1391(b)** because the events giving rise to this action occurred in Hale County, Texas, within the Northern District of Texas, and Defendants conduct business in this District.

## II. PARTIES

4. Plaintiff **Eugene Allen** is an individual resident of Hale County, Texas, appearing pro se.

5. Defendant **Covenant Health** is a healthcare system doing business in Texas, including operating Covenant Health Plainview Hospital and the Plainview Hospital Emergency Center.

6. Defendant **Obioma Ogbonna, M.D.** is an emergency medicine physician involved in Plaintiff's care during Plaintiff's first emergency department visit.

7. Defendant **Jimmie R. Appel Jr., M.D.** is an emergency medicine physician involved in Plaintiff's care during Plaintiff's second emergency department visit.

8. Defendants **John/Jane Does 1–10** are employees, agents, nurses, administrators, or other personnel of Covenant Health whose identities are presently unknown but who participated in or facilitated the conduct alleged herein.

9. At all relevant times, Defendants acted individually and jointly, within the course and scope of their employment and agency, and in concert with one another, rendering Covenant Health liable under principles of **respondeat superior, agency, joint participation, and policy-based decision-making**.

## III. SUMMARY OF THE CASE

10. This action arises from emergency medical treatment rendered to Plaintiff on **November 7–8, 2025**, and Defendants' subsequent **alteration, substitution, and concealment of Plaintiff's medical records** after Plaintiff disputed a false toxicology result and formally placed Defendants on notice to preserve evidence.

11. Plaintiff alleges that Defendants fabricated and later inserted an unofficial "dummy" After-Visit Summary, removed the original discharge record, reassigned physician attribution on toxicology results, and continued altering records **after receiving formal grievance and certified preservation notice**, thereby violating Plaintiff's federal civil rights, due process protections, and rights to accurate medical records.

12. Plaintiff further alleges harassment, discriminatory remarks, denial of corrective testing unless conditioned on re-admission, and retaliation following protected complaints.

---

## IV. STATEMENT OF FACTS

13. On **November 7, 2025**, Plaintiff presented to Covenant Health Plainview Hospital's Emergency Department by EMS due to elevated blood pressure, chest discomfort, anxiety, and shortness of breath.

14. During intake and treatment, Plaintiff was assisted by hospital staff including nurses and technicians. While being transferred to a gurney, one of Plaintiff's cellular phones became lodged beneath him. Plaintiff informed staff that he had three phones.

15. A staff member identified as **Veronica** made a loud and inappropriate remark stating words to the effect of **"one for the hoes"** in reference to Plaintiff's phones. This remark was overheard by staff members and by Plaintiff's wife, **Lisa Allen**, who remained connected by phone during transport and treatment.

16. Plaintiff was discharged at approximately **12:43 a.m. on November 8, 2025**, with an After-Visit Summary reflecting a diagnosis of acute hypokalemia and indicating a **positive toxicology result for cannabinoid edibles**, which Plaintiff immediately recognized as false and impossible.

17. After returning home and reviewing the discharge paperwork, Plaintiff left a voicemail disputing the toxicology result and expressing concern. Plaintiff's anxiety increased, his blood pressure rose again, and he returned to the emergency department seeking correction of the record.

18. Upon return, Plaintiff was informed by the charge nurse that a second toxicology test would not be administered unless Plaintiff agreed to be re-admitted. During this

interaction, the charge nurse printed a document time-stamped **5:26 a.m.**, explicitly stating that it **"would not go in the chart."** This document lacked vital signs, medical evaluation, or legitimate clinical basis.

19. Plaintiff rejected the unofficial document and insisted on an official re-evaluation. After a shift change, Defendant **Jimmie R. Appel Jr., M.D.** evaluated Plaintiff, documented Plaintiff's distress regarding the false drug result, and ordered repeat laboratory testing. The subsequent toxicology test returned **negative**, confirming Plaintiff's position.

20. Plaintiff later discovered that the **original 12:43 a.m. After-Visit Summary had disappeared** from the patient portal and that the unofficial **5:26 a.m. document had been inserted in its place**. Plaintiff also observed post-hoc reassignment of physician attribution under the toxicology records.

21. Plaintiff met with hospital administration and formally reported the inappropriate remark, the false toxicology result, the dummy document, and the missing discharge record.

22. On **November 13, 2025**, Covenant Health issued a written response acknowledging that the derogatory remarks occurred and acknowledging Plaintiff's distress.

23. Plaintiff thereafter served a **Final Pre-Litigation Demand and Evidence Preservation Notice by certified mail**, which Covenant Health acknowledged receiving on **November 20, 2025**.

24. Despite this formal notice, Plaintiff observed **continued alteration and manipulation of medical records**, contradicting Defendants' written assurances that all evidence had been preserved.

25. Defendants failed to engage, correct the record, or respond substantively by the stated deadline, prompting this action.

---

## V. FEDERAL CLAIMS FOR RELIEF

### Count One — Civil Rights Violations (42 U.S.C. § 1983)

26. Defendants, acting individually and jointly, deprived Plaintiff of rights secured by the Constitution and laws of the United States, including due process rights related to accurate medical records and access to information, under color of law and/or in concert with state actors.

27. Defendants' actions constituted arbitrary and conscience-shocking conduct, including falsification and concealment of records after formal notice.

### Count Two — Retaliation and Interference with Protected Activity

28. Plaintiff engaged in protected activity by disputing medical records and filing formal grievances.

29. Defendants retaliated by altering records, inserting false documentation, and obstructing access to accurate information.

### Count Three — Conspiracy and Joint Participation

30. Defendants knowingly acted in concert to fabricate, alter, and conceal records, constituting joint participation sufficient to impose liability under federal civil rights law.

## VI. SUPPLEMENTAL STATE-LAW CLAIMS

31. Plaintiff asserts related state-law claims including negligence, gross negligence, fraud, spoliation of evidence, and intentional infliction of emotional distress, incorporated herein pursuant to supplemental jurisdiction.

## VII. DAMAGES AND RELIEF

32. Plaintiff seeks:

- Compensatory damages
- Exemplary and punitive damages
- Declaratory and injunctive relief

- Costs of court

- All other relief to which Plaintiff is justly entitled

## VIII. JURY DEMAND

33. Plaintiff **demands trial by jury** on all issues so triable.

## IX. PRAYER

WHEREFORE, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that upon final hearing, Plaintiff be awarded all relief requested herein, together with such other and further relief as justice requires.

Respectfully submitted,

**EUGENE ALLEN**
Plaintiff, Pro Se
3601 N. Columbia Street
Plainview, Texas 79072

U.S. MARSHAL FORM 285

PROCESS RECEIPT AND RETURN

1. PLAINTIFF
Eugene Allen

2. DEFENDANT 3
Jimmie R. Appel Jr. M.D.

3. ADDRESS WHERE DEFENDANT CAN BE SERVED
Covenant Health Plainview Hospital
2601 Dimmitt Road
Plainview, Tx 79072

4. TYPE OF PROCESS
☒ Summons
☒ Complaint

5. COURT CASE NUMBER
Civil Action No. _____

6. COURT
United States District Court
Northern District of Texas
Lubbock Division

7. SEND NOTICE OF SERVICE COPY TO:
Eugene Allen
3601 N. Columbia Street
Plainview, TX 79072

8. NUMBER OF PROCESS TO BE SERVED
1

9. SPECIAL INSTRUCTIONS (Optional but Helpful)
Defendant to be served pursuant to Court order granting Plaintiff leave to proceed in forma pauperis under 28 U.S.C. § 1915.

10. SIGNATURE OF ATTORNEY OR OTHER ORIGINATOR
☒ Plaintiff Pro Se
Signature: _____
Printed Name: Eugene Allen
Date: 12/26/2025

U.S. MARSHAL'S SECTION (DO NOT WRITE BELOW THIS LINE)
Served Process: ☐ Yes ☐ No
Date Served: _____
Method of Service: _____

12/25/25, 3:25 PM
Untitled document - Google Docs
Case 5:25-cv-00284-H-BV   Document 1   Filed 12/30/25   Page 8 of 15   PageID 8

Name of Individual Served: _____
Costs: $_____
Marshal or Deputy Signature: _____

U.S. MARSHAL FORM 285

PROCESS RECEIPT AND RETURN

1. PLAINTIFF
Eugene Allen

2. DEFENDANT
Covenant Health
(Plainview Hospital / Covenant Health Plainview)
3. ADDRESS WHERE DEFENDANT CAN BE SERVED
Covenant Health
3616 19th Street
Lubbock, Texas 79410
4. TYPE OF PROCESS
☒ Summons
☒ Complaint
5. COURT CASE NUMBER
Civil Action No. _____
6. COURT
United States District Court
Northern District of Texas
Lubbock Division

7. SEND NOTICE OF SERVICE COPY TO:
Eugene Allen
3601 N. Columbia Street
Plainview, TX 79072
8. NUMBER OF PROCESS TO BE SERVED
1
9. SPECIAL INSTRUCTIONS (Optional but Helpful)
Defendant to be served pursuant to Court order granting Plaintiff leave to proceed in forma pauperis under 28 U.S.C. § 1915.

10. SIGNATURE OF ATTORNEY OR OTHER ORIGINATOR
☒ Plaintiff Pro Se
Signature: _____ Allen _____
Printed Name: Eugene Allen
Date: 12/26/2025

U.S. MARSHAL'S SECTION (DO NOT WRITE BELOW THIS LINE)
Served Process: ☐ Yes ☐ No
Date Served: _____
Method of Service: _____

Name of Individual Served: _____
Costs: $_____
Marshal or Deputy Signature: _____

U.S. MARSHAL FORM 285

PROCESS RECEIPT AND RETURN

1. PLAINTIFF
Eugene Allen

2. DEFENDANT 2
Obima Ogbonna M.D.

3. ADDRESS WHERE DEFENDANT CAN BE SERVED
Covenant Health Plainview Hospital
2601 Dimmitt Road
Plainview, Tx 79072
4. TYPE OF PROCESS
☒ Summons
☒ Complaint
5. COURT CASE NUMBER
Civil Action No. _____
6. COURT
United States District Court
Northern District of Texas
Lubbock Division

7. SEND NOTICE OF SERVICE COPY TO:
Eugene Allen
3601 N. Columbia Street
Plainview, TX 79072
8. NUMBER OF PROCESS TO BE SERVED
1
9. SPECIAL INSTRUCTIONS (Optional but Helpful)
Defendant to be served pursuant to Court order granting Plaintiff leave to proceed in forma pauperis under 28 U.S.C. § 1915.

10. SIGNATURE OF ATTORNEY OR OTHER ORIGINATOR
☒ Plaintiff Pro Se
Signature: _____
Printed Name: Eugene Allen
Date: 12/26/2025

U.S. MARSHAL'S SECTION (DO NOT WRITE BELOW THIS LINE)
Served Process: ☐ Yes ☐ No
Date Served: _____
Method of Service: _____

Name of Individual Served: _____
Costs: $_____
Marshal or Deputy Signature: _____

JS 44 (Rev. 06/20)
CIVIL COVER SHEET
(To be completed by the Clerk of Court)

I. (a) PLAINTIFFS
Eugene Allen
(b) County of Residence of First Listed Plaintiff
Hale County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

II. (a) DEFENDANTS
Covenant Health; Obioma Ogbonna, M.D.; Jimmie R. Appel Jr., M.D.; et al.
(b) County of Residence of First Listed Defendant
Hale County, Texas
(IN U.S. PLAINTIFF CASES ONLY)

III. BASIS OF JURISDICTION
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question
☐ 4 Diversity
(Check only one)

IV. NATURE OF SUIT
☒ 440 Civil Rights: Other
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury – Medical Malpractice
☐ 365 Personal Injury – Product Liability
☐ 367 Health Care/Pharmaceutical
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit

☐ 490 Cable/Sat TV
☐ 710 Labor: Fair Standards
☐ 720 Labor: Labor/Management Relations
☐ 730 Labor: Reporting & Disclosure
☐ 740 Labor: Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

V. ORIGIN
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District
☐ 6 Multidistrict Litigation
☐ 8 Multidistrict – Direct File

VI. CAUSE OF ACTION
42 U.S.C. §§ 1983 and 1981; violations of civil rights arising from medical treatment, derogatory conduct, denial of corrective testing, and post-notice alteration and spoliation of medical records.

VII. REQUESTED IN COMPLAINT
☒ Jury Demand
☐ No Jury Demand
Demand: Compensatory and punitive damages; injunctive and equitable relief; costs and interest.

VIII. RELATED CASE(S)
☐ Yes
☒ No
If Yes, provide docket number(s): _____

IX. SIGNATURE
I certify the above information is correct to the best of my knowledge.
/s/ Eugene Allen
Eugene Allen, Plaintiff Pro Se
Date: 12/25/2025







FROM: Eugene Allen
3601 North Columbia St
Plainview Texas 79104

RECEIVED DEC 30 2025
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

TO: The United States District Court, Northern District Court Lubbock Division
1205 Texas Avenue
Room C-126 Lubbock TX
79401-4037

U.S. POSTAGE PAID PM
PLAINVIEW, TX 79072
DEC 26, 2025
79401
$21.60