IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| EUGENE ALLEN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 5:25-CV-284-H-BV |
| | § | |
| COVENANT HEALTH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Eugene Allen presented to a private hospital with various ailments. There, hospital staff allegedly made derogatory comments and input inaccurate information into his medical records. He now sues the hospital and some of its staff under 42 U.S.C. §§ 1981 and 1983 and Texas law. Because Allen has not pleaded facts showing Defendants are state actors, this Court lacks subject-matter jurisdiction over his federal claims, and the Court should not exercise supplemental jurisdiction over his state-law claims. The undersigned recommends the United States District Judge dismiss this action without prejudice.

## 1. Allen filed a deficient motion to proceed *in forma pauperis* along with his complaint.

Allen filed this action along with an application to proceed *in forma pauperis* (IFP). Dkt. Nos. 1, 4. In accordance with Special Order 3-251, the case was automatically referred to the undersigned magistrate judge for further proceedings. *See* Dkt. No. 1. Allen's IFP application is deficient in that he did not use the standard form;

he failed to report his wife's income, despite his complaint stating that he is married; and he does not explain how he covers his monthly expenses, which exceed his income by about $450 per month. *See* Dkt. No. 4. However, after reviewing Allen's complaint, the undersigned concludes that the Court lacks subject-matter jurisdiction. Because jurisdiction is lacking, the Court will not require Allen to first remedy the deficiencies in his IFP application.

**2. Allen sues about an interaction with a private hospital.**

Allen alleges that in November 2025, he went to the Covenant Health Hospital emergency room in Plainview, Texas, "by EMS due to elevated blood pressure, chest discomfort, anxiety, and shortness of breath." Dkt. No. 1 at 3.[1] There, he "informed staff that he had three phones." *Id.* In response, a staff member made a derogatory comment, which was heard by both other staff members and Allen's wife. *Id.*

The hospital discharged Allen several hours later. *Id.* A summary of the visit reported him as being diagnosed with "acute hypokalemia and indicat[ed] a positive toxicology result for cannabinoid edibles." *Id.* (emphasis omitted). Allen "immediately recognized" this result "as false and impossible." *Id.* So, he called the hospital to dispute the information and then returned to the emergency room. *Id.*

---

[1] Page citations to Allen's complaint refer to the electronic page number assigned by the Court's electronic filing system.

Staff told him that he could not obtain a second toxicology test unless he was readmitted. *Id.* A second physician evaluated Allen, "documented [his] distress regarding the false drug test, and ordered repeat laboratory testing." *Id.* at 4. The second test was negative. *Id.*

Later, Allen met with hospital staff to protest the inappropriate remark and false toxicology report. *Id.* The hospital "issued a written response acknowledging that the derogatory remarks occurred and acknowledging [Allen's] distress." *Id.*

Based on this incident, Allen asserts claims under § 1983 for due process, retaliation, and conspiracy. *Id.* at 4–5. Allen also cites 42 U.S.C. § 1981 but does not make a specific claim. *Id.* at 2, 4–5. Finally, he invokes the Court's supplemental jurisdiction, alleging claims under Texas state law. *Id.* at 2, 5. Allen seeks monetary damages, as well as declaratory and injunctive relief. *Id.* at 5.

## 3. Discussion

### A. The Court must examine its subject-matter jurisdiction *sua sponte* under Fed. R. Civ. P. 12(h).

A court must always examine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Federal courts have jurisdiction only when a federal question is presented or if there is diversity of citizenship with an amount in controversy beyond $75,000.00. 28 U.S.C. §§ 1331, 1332. A court has federal-question jurisdiction when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily

depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983).

Pleadings filed by pro se plaintiffs are liberally construed. *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). Nevertheless, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum," even if that party is pro se. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

**B. This case should be dismissed *sua sponte* for lack of subject-matter jurisdiction and because the Court should decline to exercise supplemental jurisdiction.**

Allen asserts that this Court has federal-question jurisdiction because he is alleging claims under §§ 1981 and 1983. Dkt. No. 1 at 2. He also maintains the Court has supplemental jurisdiction over his Texas state-law claims under 28 U.S.C. § 1367. *Id.* But Allen has not shown that Defendants are state actors, nor has he established they discriminated. He has failed to establish subject-matter jurisdiction under §§ 1981 and 1983, and the Court should decline to exercise supplemental jurisdiction.

**i. Allen pleads no facts showing Defendants are state actors, so he cannot state a § 1983 claim.**

To state a claim under § 1983, a plaintiff must show that defendant "(1) deprived h[im] of h[is] constitutional rights and (2) acted 'under color' of state law.'" *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017) (quoting *Filarsky v. Delia*, 566 U.S. 377, 383 (2012)). "Private individuals generally are not considered to act under color of law, but

private action may be deemed state action when the defendant's conduct is fairly attributable to the State[.]" *Id.* at 352 (internal quotation marks and citations omitted).

To establish fair attribution, a plaintiff must establish the following:

> (1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor.

*Id.* (citation omitted). "A party may fairly be said to be a state actor only when he has acted with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 423 (5th Cir. 2004) (internal quotation marks and citation omitted). "One way a private citizen may be a state actor is if she is involved in a conspiracy or participates in joint activity with state actors." *Moody*, 868 F.3d at 352 (internal quotation marks and citation omitted).

"Deciding whether a deprivation of a protected right is fairly attributable to the State begins by identifying the specific conduct of which the plaintiff complains." *Id.* (internal quotation marks and citation omitted). Here, Allen complains about conduct during his admission to a private hospital's emergency room. Dkt. No. 1 at 3–5. Defendants are the private hospital and employees thereof. *Id.* at 2. But Allen pleads no facts showing that Defendants are state employees, that they acted in concert with state employees, or that their actions are fairly attributable to the state. *See id.* at 2–5 (asserting baldly that Defendants acted "under color of law and/or in concert with state actors"); *see Jarrell v. Chem. Dependency Unit of Acadiana*, 791 F.2d 373, 374 (5th Cir.

1986) ("The 'mere fact that a business is subject to state regulations does not by itself convert its action into that of the state for purposes of the Fourteenth Amendment.'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)); *Wheat v. Mass*, 994 F.2d 273, 276 (5th Cir. 1993) (explaining that a hospital is not a state actor "solely because it receives medicare and medicaid funds and is subject to state regulation").

Because Allen does not allege that Defendants are state actors, he cannot state a § 1983 claim, and the Court lacks subject-matter jurisdiction. *See, e.g.*, *Lavergne v. Sanford*, 570 F. App'x 385, 386 (5th Cir. 2014) (per curiam) (affirming district court's conclusion that it lacked subject-matter jurisdiction over plaintiff's claims because "[t]here is no federal jurisdiction under 42 U.S.C. § 1983 against non-state actors"); *Drake v. St. Paul Travelers Ins. Co.*, 353 F. App'x 901, 905 (5th Cir. 2009) (per curiam) (agreeing that court lacked subject-matter jurisdiction under § 1983 because defendant was "not a state actor"). The district judge should dismiss Allen's § 1983 claims without prejudice.

**ii. Allen's § 1981 claim is wholly conclusory and does not establish subject-matter jurisdiction.**

Under § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a). "To establish a § 1981 claim for contractual discrimination, [p]laintiffs must allege that (1) they are members of a racial minority; (2) [d]efendants intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of

the activities enumerated in the statute—here, making a contract." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017).

Other than citing the statute, Allen pleads no facts showing Defendants discriminated based on race, nor does he assert there was a contractual relationship between the parties. *See* Dkt. No. 1 at 2–5. Thus, § 1981 is inapplicable and does not supply subject-matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (stating that "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy" (internal quotation marks and citation omitted)); *Drake*, 353 F. App'x at 905 (explaining that Section 1981 "is inapplicable, among other reasons, because [plaintiff] failed to allege any facts that indicate [defendant] intended to discriminate against him based on his race"). The district judge should dismiss Allen's § 1981 claims without prejudice.

**iii. Without subject-matter jurisdiction, the Court should not exercise supplemental jurisdiction.**

In addition to the §§ 1981 and 1983 claims, Allen asserts Texas state-law claims for "negligence, gross negligence, fraud, spoilation of evidence, and intentional infliction of emotional distress." Dkt. No. 1 at 5. As a "general rule," courts should "decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). However, "this rule is neither mandatory nor absolute."

*Id.* Instead, the court should consider the factors set forth in § 1367(c), as well as "the common law factors of judicial economy, convenience, fairness, and comity." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011).

Here, the factors weigh against the exercise of supplemental jurisdiction. Allen's claims are not novel or complex, and although it is unclear whether state court would be more convenient for the parties, if Allen's federal claims are dismissed, then his state-law claims will predominate. Generally, Texas state courts are better equipped to adjudicate claims under state law, and such adjudication is fair. *See id.* at 160 (observing that "it was certainly fair to have had the purely Texas state law claims heard in Texas state court, and there is nothing to indicate that either party would have been prejudiced by a remand to Texas state court"). Finally, based on the early procedural posture of this case, the Court has not invested significant judicial resources, which favors dismissal. *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) (explaining that a district court abuses its discretion in declining to exercise supplemental jurisdiction "after investing a significant amount of judicial resources in the litigation").

On balance, the factors counsel in favor of declining to exercise supplemental jurisdiction, which is also consistent with the general rule in this circuit since no federal claims will remain. *Batiste*, 179 F.3d at 227. The undersigned therefore recommends the district judge dismiss Allen's state-law claims without prejudice.

**iv. Leave to amend would be futile.**

Ordinarily, a court should grant a pro se plaintiff an opportunity to amend his complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir.

2009). But here, amendment would be futile because Defendants are not state actors, and there is no indication that Allen can cure this deficiency by pleading additional or different facts. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (joining other courts in defining futility "to mean that the amended complaint would fail to state a claim upon which relief could be granted").

Nevertheless, these findings, conclusions, and recommendation (FCR) puts Allen on notice of the deficiencies in his pleading, and the fourteen-day objection period gives him an opportunity to cure them by filing a motion to amend with a proposed amended complaint attached. Any such motion must comply with N.D. Tex. Local Civil Rule 15.1, *and* it must plead sufficient facts to overcome the deficiencies identified in this FCR.

**4. Recommendation**

Because this Court lacks subject-matter jurisdiction over Allen's 42 U.S.C. §§ 1981 and 1983 claims, the undersigned recommends that the United States District Judge dismiss those claims without prejudice. The undersigned further recommends the district judge decline to exercise supplemental jurisdiction over Allen's Texas state-law claims and dismiss them without prejudice. Finally, because the Court lacks subject-matter jurisdiction, the district judge should deny as moot Allen's application to proceed IFP.

**5. Right to Object**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July 24, 2026.

Amy Burch

**AMANDA 'AMY' R. BURCH**
**UNITED STATES MAGISTRATE JUDGE**